[No. A048089. First Dist., Div. Four. Apr. 30, 1990.]

DIANA LYNN BRUNO, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
ARNOLD S. GRIDLEY, Real Party in Interest.

 

COUNSEL

Pillsbury, Madison & Sutro, Walter R. Allan, Thomas V. Loran III and James J. Davis, Jr., for Petitioner.

Randall M. Shaw, Timothy J. Lee, Stephen L. Collier and Sarah B. Carnochan as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Arthur A. Groza for Real Party in Interest.

Donna May Campbell, Jeff B. Marschner, Richard A. Elbrecht, Mary-Alice Coleman, Marla L. Scharf and John C. Lamb as Amici Curiae on behalf of Real Party in Interest.

OPINION

CHANNELL, J.—This petition presents the question of whether the superior court may permit discovery in a small claims appeal. We conclude that discovery is not available. However, we conclude that respondent court abused its discretion in sanctioning petitioner's attorney for his attempt to obtain discovery.

## I. FACTS

On August 24, 1989, real party in interest, Arnold S. Gridley, filed an unlawful detainer action in small claims court against petitioner Diana Lynn Bruno. The complaint asked for back rent commencing in March 1989 and for the possession of the property in which petitioner had resided since 1976. On September 20, 1989, judgment was entered in real party's favor for $2,000 and real party was awarded possession of the apartment at 600 Stanyan Street in San Francisco. On October 3, 1989, petitioner filed a notice of appeal with respondent court.

On October 4, 1989, petitioner, who was now represented by counsel, noticed the deposition of real party and Ms. Lilly Daily, real party's bookkeeper, who had appeared as a witness in small claims court to present bookkeeping evidence of overdue rent. Also on October 4, 1989, petitioner propounded to real party a set of Judicial Council form interrogatories for unlawful detainer actions. Real party refused the discovery requests and on

November 22, 1989, petitioner filed a motion to compel and requested discovery sanctions.

Real party through his attorney filed opposition to the motion and requested sanctions pursuant to section 128.5 of the Code of Civil Procedure.[1] Real party contended that discovery was not available in small claims appeals and that the conduct of petitioner's attorney in requesting discovery of "two unschooled laypersons" was "not authorized and constitutes an abuse of process and outrageous conduct." After an oral argument on December 7, 1989, which was unreported, respondent court denied the motion to compel and awarded real party $1,100 in sanctions against petitioner's counsel. As to the sanctions, the order states: "Specifically, the brining [*sic*] of a motion for discovery and sanctions in a small claims matter is not authorized by law, and in this instance has resulted in legal expenses being incurred by responding parties."

## II. ANALYSIS

A. *Discovery.*

The Legislature provided for the establishment of the small claims division of municipal and justice courts in order to create an expeditious and inexpensive method of resolving disputes. (§ 116.) "The theory behind its organization is that only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum. Consequently, the small claims court functions informally and expeditiously. The chief characteristics of its proceedings are that there are no attorneys, no pleadings and no legal rules of evidence; there are no juries, and no formal findings are made on the issues presented." (*Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 573 [110 P.2d 1025].) Ordinarily the judgment of the small claims court is conclusive upon the plaintiff but the defendant can appeal and obtain a trial de novo in superior court. (§§ 117.8, 117.10.) This trial in superior court must be conducted informally in the same manner as is the small claims action itself except that attorneys may participate. (Cal. Rules of Court, rule 155.)

■ Neither the statutes providing for the small claims system nor the rules of court covering small claims actions address the question of whether discovery is permitted in the small claims action itself. (§ 116 et seq.; Cal. Rules of Court, rule 1701 et seq.) However, it has generally been assumed that there is no discovery in connection with the proceeding in small claims

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

court. (See, e.g., *City and County of San Francisco v. Small Claims Court* (1983) 141 Cal.App.3d 470, 476 [190 Cal.Rptr. 340]; see also Cal. Judges Benchbook - Small Claims Court and Consumer Law, Cal. Center for Jud. Ed. & Research (1983) § 1.2, p. 2.) This assumption has been supported by the express exclusion of small claims actions from the legislation enacted in 1982 to expedite litigation of civil actions where the amount in controversy is $25,000 or less. (§ 90 et seq.) This legislation permits, but limits, discovery. (§ 94.) Yet the legislation expressly excludes small claims actions and does so by excluding "*any* action under Chapter 5A (commencing with Section 116)." (§ 91 subd. (b), italics added.)

We are convinced that the Legislature did not intend that formal discovery procedures should be permitted in either the small claims action itself or the de novo proceeding on appeal. Obviously, formal discovery procedures in the original small claims actions would be completely inconsistent with the goals and procedures of the small claims court and would impose an unacceptable burden on unrepresented litigants. Discovery at the appeal level would also defeat the object of speedy and inexpensive settlement of disputes, the object of the entire small claims process. (§ 116.1.)

Although no case has decided whether discovery is permitted in the trial de novo in superior court, the court in *Burley v. Stein* (1974) 40 Cal.App.3d 752 [115 Cal.Rptr. 279], expressed in dictum a view consistent with that we reach here. In *Burley,* the court had before it the question of whether a defendant who had suffered a default judgment in a small claims action had standing to appeal to the superior court without first moving to set aside the default in the small claims court. The superior court in affirming the small claims judgment had commented on the " 'cynical practices' " of some defendants who in their de novo appeals of small claims judgments to the superior court had " 'begun to resort to a number of intricate and, to the small litigant, the baffling devices of interrogatories, requests for admissions, law and motion proceedings, and the like.' " (*Id*. at p. 755, fn. 3.) The reviewing court added its own comment that discovery should not be permitted, explaining: "It would appear that the trial de novo in the superior court, except for the addition of counsel, should be tried as it was in the small claims court. To do otherwise would appear to defeat the general intent of the Legislature in providing for the efficient disposition of voluminous small claims." (*Id*. at pp. 758-759, fn. 6.) Subsequently, rule 155 of the California Rules of Court was amended to provide: "Trial shall be conducted informally as provided in Code of Civil Procedure section 117 . . ." At least one court has read this rule as applying to pretrial discovery as well as to the trial itself. (*Cooper v. Pirelli Cable Corp.* (1984) 160 Cal.App.3d 294, 299 [206 Cal.Rptr. 581].)

Petitioner stresses the fact that the defendant in an unlawful detainer proceeding stands in a different position than the defendant in any other small claims proceeding. He or she is in danger of losing, not just a modest amount of money, but a home. To protect this fundamental interest, the tenant has the right to raise affirmative defenses despite the summary nature of an unlawful detainer action (see *Schweiger* v. *Superior Court* (1970) 3 Cal.3d 507, 514 [90 Cal.Rptr. 729, 476 P.2d 97]; see also *S.P. Growers Assn.* v. *Rodriguez* (1976) 17 Cal.3d 719 [131 Cal.Rptr. 761, 552 P.2d 721]; *Green* v. *Superior Court* (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168]) and petitioner contends the right to raise these affirmative defenses is meaningless unless discovery essential to establish the defenses is allowed. We cannot agree. Evidence to support the defenses can be obtained by means other than formal discovery. Witnesses may be called and examined at the trial itself. Subpoenas and subpoenas duces tecum are available for the asking. (§ 1985.)

Furthermore, the superior court judge hearing the matter has power to "investigate the controversy." Section 117, subdivision (a), provides that at the hearing of a small claims action "[t]he judge may consult witnesses informally and otherwise investigate the controversy." This section applies to the small claims appeal. (Cal. Rules of Court, rule 155.) Thus if questions of fact remain insufficiently explored through the lack of pretrial discovery or cooperation between the parties, the court during trial can order the parties to disclose and/or produce anything it deems necessary for resolution of the case. This may be cumbersome and may cause delay in the few cases in which the trial court deems it necessary to use its power of investigation, but the delay and inconvenience pales to insignificance in view of the damage that would be done to the small claims process should the parties themselves have the right to pretrial discovery.

The brief of amicus curiae in support of petitioner raises two points which were not raised by petitioner.[2] Amicus curiae argues that the small claims court does not have subject matter jurisdiction to terminate tenancies subject to rent control. It grounds this argument on the language of section 116.2, subdivision (c), which provides that the small claims division shall have jurisdiction in unlawful detainer "where the term of tenancy is not greater than month to month . . . ." Amicus curiae argues that rent control ordinances create substantive possessory rights which exceed those of month to month tenancies. Amicus curiae also contends that, assuming

---

[2] This court granted permission to the San Francisco Neighborhood Legal Assistance Foundation to appear as amicus curiae in support of petitioner and to the Department of Consumer Affairs and the California Apartment Association to appear in support of real party in interest.

jurisdiction exists, denying all discovery to defendants in unlawful detainer actions denies them equal protection.

■ The general rule, which we apply here, is that amicus curiae may not raise new issues but "must accept the case as it finds it." (*Pratt* v. *Coast Trucking, Inc.* (1964) 228 Cal.App.2d 139, 143 [39 Cal.Rptr. 332].)

B. *Sanctions.*

■ Although we agree with respondent court that discovery is not available in a small claims appeal, we find that the court abused its discretion in sanctioning petitioner's attorney for raising this issue of first impression.

Sanctions were imposed pursuant to section 128.5 which allows the trial court to require a party's attorney "to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay" and requires the court to "recite in detail the conduct or circumstances justifying the order." In his opposition to the motion to compel, real party's counsel argued that the motion not only was without merit because discovery is unauthorized by the small claims statutes and rules, but also was obviously taken in bad faith since "the proud and esteemed firm of Pillsbury, Madison and Sutro" not only sent discovery requests personally to two "unschooled laypersons" but requested monetary sanctions. The trial court apparently rejected the hyperbolic characterizations of real party's attorney for it granted sanctions explaining only that discovery in a small claims matter is not authorized by law. The single finding that discovery is not authorized does not support a conclusion that the motion is frivolous in view of the fact that there is no rule or statute expressly precluding discovery and no case squarely holding that discovery is not authorized. Since respondent court understandably rejected the unsupported suggestion of bad faith, its finding amounts to nothing more than a determination that the motion was without merit. Such a finding does not support sanctions pursuant to section 128.5. (See *Atchison, Topeka & Santa Fe Ry. Co.* v. *Stockton Port Dist.* (1983) 140 Cal.App.3d 111, 116-117 [189 Cal.Rptr. 208].)

In his return, real party supports his allegation that petitioner's attorney acted in bad faith by affidavits to the effect that (1) petitioner's attorney had received informal discovery of real party's records; (2) petitioner did not raise the affirmative defenses at the small claims action although her attorney, who was present to advise her, was aware of them and; (3) David Saul, an agent of petitioner's attorney, made an unreasonable settlement demand of real party which concluded with the statement that "we're going to make

it cost you ten to fifteen thousand dollars in attorney's fees to defend this thing." It would be inappropriate for this court to consider these declarations as support for the order sanctioning real party's attorney. The declarations bring up matters not before the trial court which petitioner's attorney would have been expected to dispute or explain had they been used to support the request for sanctions.

We reject real party in interest's contention that the declarations reveal that petitioner comes before this court with unclean hands. Petitioner was not required to raise her defenses during the small claims action nor does real party convince us that petitioner knew then, or knows now, all the facts in support of the defenses. As to the allegedly improper settlement offer, petitioner has submitted to this court a declaration of David Saul disputing that the statements attributed to him were made.[3]

Let a peremptory writ of mandate issue requiring respondent court to vacate its order entered on December 8, 1989, insofar as the order imposes sanctions on petitioner's counsel for the filing of a motion to compel.

Poché, Acting P. J., and Perley, J., concurred.

---

[3] The declaration of David Saul was attached to a replication submitted by petitioner. Real party in interest has asked this court to strike the replication as improperly verified. Since we have not considered statements of fact in the replication as evidence, we deny the request to strike the replication. The declaration of David Saul made under penalty of perjury does not require verification.