[No. G022181. Fourth Dist., Div. Three. July 30, 1998.]

TONY COSTA, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, CALIFORNIA
CASUALTY INDEMNITY EXCHANGE et al., Respondents.

**COUNSEL**

Baziak & Martin and Thomas F. Martin for Petitioner.

William A. Herreras, Victor J. Van Bourg, Ellyn Moscowitz, Rose, Klein & Marias, David A. Rosen, Ian Herzog, Leonard Sacks, Bruce Broillet, Thomas Stolpman, Robert B. Steinberg, Roland Wrinkle, Gary Paul, Steven Klerfield, Harvey Levine, James Sturdevant, Wayne McClean, William Turley, Christine Spagnoli and LeeAnn Tratten as Amici Curiae on behalf of Petitioner.

Horvitz & Levy, Christina J. Imre and Mitchell C. Tilner for Respondents.

Jack R. Ormes, Lipton, Warnlof, Segal & Hallbauer, Martin H. Lipton, N. Gregory Taylor, Marcia Scully, John C. Clairday, Morgan, Lewis & Bockius, Andrew C. Peterson, Derek B. Lipscombe, Carroll & Scully II, Charles P. Scully, Sherman, Dunn, Cohen, Leifer & Yellig, Victoria L. Bor and Jonathan D. Newman as Amici Curiae on behalf of Respondents.

**OPINION**

**RYLAARSDAM, J.**—We granted petitioner Tony Costa's writ of review to decide whether the Workers' Compensation Appeals Board (WCAB) erred by dismissing his application to adjudicate a claim for workers' compensation benefits. The WCAB dismissed the claim on the ground it lacked jurisdiction because petitioner's union and employer agreed to handle employment-related injury claims through an alternative dispute resolution

(ADR) procedure authorized by Labor Code section 3201.5 (all further statutory references are to the Labor Code unless otherwise noted).

Petitioner contends section 3201.5 is invalid because it violates the California Constitution, and improperly curtails the Department of Industrial Relations' jurisdiction to ensure compliance with the collective bargaining agreement. In addition, petitioner and the amici curiae supporting him contend employees cannot be forced to waive their constitutional and statutory rights to present workers' compensation claims to the WCAB through collective bargaining agreements. Finally the amici curiae supporting petitioner challenge both section 3201.5 and the ADR plan at issue on several other grounds.

We conclude section 3201.5 and the ADR plan in question are valid and enforceable on their face. Since the remaining contentions are not properly before us, we decline to consider them. Therefore, we affirm the WCAB's order.

FACTS

*Petitioner's Workers' Compensation Claim*

Petitioner is an electrician employed by Johnson-Peltier and a member of the International Brotherhood of Electrical Workers (IBEW). A breaker exploded, injuring petitioner while at work. Petitioner filed an application for adjudication of claim with the WCAB. California Casualty Indemnity Exchange, Johnson-Peltier's workers' compensation carrier, answered alleging the WCAB lacked jurisdiction because an ADR plan agreed to by the IBEW and the National Electrical Contractors Association (NECA) covered petitioner's claim. Johnson-Peltier was a signatory to the IBEW/NECA agreement.

Subsequently, petitioner filed a request for an expedited hearing, claiming he was "in dire need of medical treatment including home care," and the carrier "refuse[d] to provide authorization for medical treatment and continue[s] to refuse to serve medical reports." California Casualty petitioned to dismiss the entire proceeding, asserting lack of jurisdiction. After a hearing, a workers' compensation judge dismissed petitioner's claim, relying on section 3201.5 and the IBEW/NECA agreement. Petitioner unsuccessfully sought reconsideration of this ruling before the WCAB.

*Section 3201.5*

The IBEW and the NECA agreed to the ADR plan under the provisions of section 3201.5. That statute authorizes employers and unions involved in

construction, construction maintenance, surveying and construction inspection to create, through collective bargaining, "[a]n alternative dispute resolution system governing disputes between employees and employers or their insurers that supplements or replaces all or part of those dispute resolution processes" established by the Labor Code. (§ 3201.5, subd. (a)(1).)

The administrative director of the Department of Industrial Relations' workers' compensation division is required to approve plans established under this statute and monitor their operation. (§ 3201.5, subds. (d), (f), (g), (h) & (i).) An ADR plan created under section 3201.5 cannot "diminish[] the entitlement of an employee to compensation payments for total or partial disability, temporary disability, vocational rehabilitation, or medical treatment fully paid by the employer . . . ." (§ 3201.5, subd. (b).) Finally, the statute provides that "the decision of the arbiter . . . is subject to review by the appeals board in the same manner as provided for reconsideration of a final order, decision, or award made and filed by a workers' compensation judge . . . and the court of appeals [*sic*] . . . ." (§ 3201.5, subd. (a)(1).)

*The IBEW/NECA ADR Plan*

The IBEW/NECA agreement establishes a Workers' Compensation Trust Fund. The fund is supervised by a six-person board, consisting of three members chosen by the IBEW and three members chosen by the NECA, and funded by contributions from employers.

The agreement creates a three-step procedure to deal with job-related injury disputes. Initially, an employee, employer or interested third party files a complaint with an ombudsman, a person selected and paid by the fund, to assist in attempting to resolve the dispute. The ombudsman must provide a response within 10 working days, unless the parties agree to extend the response time. If the ombudsman cannot satisfactorily resolve the matter, the complainant may apply for mediation. If requested, the ombudsman must assist an employee in filing for mediation.

An application to mediate the dispute must be filed "not more than 60 days" after the ombudsman's response. A mediator "knowledgeable in the workers' compensation industry" must be assigned within three working days after the application is filed. Except for cases involving a lack of cooperation or where the parties otherwise agree, "[m]ediation shall be completed in not more than 10 working days from the date of referral . . . ."

Any party dissatisfied with outcome of the mediation may file a request for arbitration "[w]ithin 30 calendar days after the completion of the mediation process." The matter is then immediately referred to an arbitrator who

"shall have experience and be knowledgeable in the workers' compensation dispute process and shall have been at one time a certified specialist in workers' compensation law or a California Workers' Compensation judge." Unless the parties otherwise agree, the arbitration "shall be completed within 30 days after referral, and an arbitration decision rendered with in [*sic*] 10 working days of the completion of the proceedings." "[T]he Arbitrator shall have full power, jurisdiction and authority to hear and determine all issues of fact and law presented and to issue interim, interlocutory and final orders, findings, decisions and awards as may be necessary to the full adjudication of the case. The decision of the Arbitrator is subject to review by the Workers' Compensation Appeals Board . . . and shall have the same force and effect as an award, order, or decision of a workers' compensation judge."

The agreement allows the parties to retain counsel at their own expense, but they are prohibited from appearing by an attorney during the ombudsman and mediation phases. The parties may be represented by counsel during the arbitration phase. If the employee prevails at the arbitration, "the employer shall pay a fee to the employee's attorney in an amount equal to the prevailing wage of attorneys practicing in workers' compensation for the geographical area which the dispute has arisen," and "[t]he arbitrator may increase or decrease such fee based on the complexity of the dispute or the effort expended by the attorney."

The agreement provides, in part, "Any claim subject to this Agreement filed with the WCAB for resolution will immediately be removed and placed within the program established by the Agreement. This is the sole means of dispute resolution and no dispute shall proceed to the California Worker's [*sic*] Compensation Appeals Board until it has completed the . . . processes defined by this Agreement."

DISCUSSION

*Introduction*

Before discussing the merits, it is necessary to delineate the scope of our review.

This case primarily concerns an attack on the validity of section 3201.5. ■ Statutes are presumed to be valid and a court will not strike down a legislative enactment unless its invalidity is clearly established. Mere doubt as to a law's validity will not support invalidating it. (*Tobe* v. *City of Santa Ana* (1995) 9 Cal.4th 1069, 1102 [40 Cal.Rptr.2d 402, 892 P.2d 1145];

*CalFarm Ins. Co.* v. *Deukmejian* (1989) 48 Cal.3d 805, 814-815 [258 Cal.Rptr. 161, 771 P.2d 1247].) Furthermore, judicial review of a statute does not involve a consideration of the legislation's wisdom. (*CalFarm Ins. Co.* v. *Deukmejian, supra,* 48 Cal.3d at p. 814.)

Except for the electorate's powers of initiative and referendum, the right to enact laws is vested in the Legislature and it may exercise all legislative powers not forbidden by the Constitution or delegated to the federal government. (*Pacific Legal Foundation* v. *Brown* (1981) 29 Cal.3d 168, 180 [172 Cal.Rptr. 487, 624 P.2d 1215]; *City and County of San Francisco* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 103, 113 [148 Cal.Rptr. 626, 583 P.2d 151].) As with judicial review of a statute's validity, any doubt concerning the Legislature's power to enact a particular law must also be resolved in its favor. (*Pacific Legal Foundation* v. *Brown, supra,* 29 Cal.3d at p. 180.)

Since petitioner failed to seek resolution of his claim through the IBEW/NECA ADR plan, his attack is limited to a facial challenge of the statute and the plan. (*Tobe* v. *City of Santa Ana, supra,* 9 Cal.4th at p. 1084.) ■ "To support a determination of facial unconstitutionality, voiding the statute as a whole, petitioner[] cannot prevail by suggesting that in some future hypothetical situation constitutional problems may possibly arise as to the particular *application* of the statute . . . . Rather, petitioner[] must demonstrate that the act's provisions inevitably pose a present total and fatal conflict with applicable constitutional prohibitions." (*Pacific Legal Foundation* v. *Brown, supra,* 29 Cal.3d at pp. 180-181.)

*California Constitution, Article XIV, Section 4*

■ Petitioner contends section 3201.5 and the IBEW/NECA ADR plan violate article XIV, section 4 of the California Constitution (hereafter article XIV, section 4) because they create an "incumbrance" to the workers' compensation system guaranteed by the Constitution and fail to provide the Director of the Department of Industrial Relations with adequate authority to oversee the implementation of the ADR procedure. We disagree.

Article XIV, section 4 vests in the Legislature "plenary power . . . to create, and enforce a complete system of workers' compensation . . . ." This clause declares the term "complete system of workers' compensation" includes "an administrative body with all the requisite governmental functions to determine any dispute or matter arising under such legislation, to the end that the administration of such legislation shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character . . . ." The section also states, "[t]he Legislature is vested

with plenary powers, to provide for the settlement of any disputes arising under such legislation by arbitration, or by an industrial accident commission, by the courts, or by either, any, or all of these agencies, either separately or in combination, and may fix and control the method and manner of trial of any such dispute, the rules of evidence and the manner of review of decisions rendered by the tribunal or tribunals designated by it . . . ."

The foregoing language grants the Legislature broad authority concerning the means used to resolve disputes in workers' compensation cases, and specifically authorizes the use of arbitration. Although article XIV, section 4 does not mention use of an ombudsman or mediation, or authorize the establishment of a private dispute resolution procedure, this does not render either section 3201.5 or the IBEW/NECA plan invalid. As noted, the Legislature is authorized to exercise broad powers concerning workers' compensation. (*City and County of San Francisco* v. *Workers' Comp. Appeals Bd.*, *supra,* 22 Cal.3d at p. 113.) The purpose of article XIV, section 4 was to remove any doubt about the constitutionality of the workers' compensation legislation, not to limit the Legislature's authority to enact additional appropriate legislation to protect employees. (22 Cal.3d at p. 114.)

The Legislature enacted section 3201.5 in an attempt to reduce the delays and expense of adjudicating workers' compensation clams through the existing public system. (See Moscowitz & Van Bourg, *Carve-Outs and the Privatization of Workers' Compensation in Collective Bargaining Agreements* (1995) 46 Syracuse L.Rev. 1, 3, fn. 4, 14.) The IBEW/NECA plan expressly notes this is the reason for establishing its ADR procedure: "The parties . . . acknowledge that the provisions of California law governing the adjudication of disputed Workers' Compensation claims have resulted in delay, increased expense and other inefficiencies which result in undue detriment to employees and employers."

Petitioner notes the public adjudicatory system provides a means to obtain an expedited hearing on a claim and requires a case pass through only one procedural level before reaching the WCAB, while the IBEW/NECA plan requires a dispute pass through three procedural levels before reaching the WCAB. But nothing in article XIV, section 4 mandates establishment of an expedited proceeding or limits the number of procedural levels which may be employed. Furthermore, given the informality and short time limits provided for the ombudsman and mediation phases, there is no reason why disputes should not be resolved as quickly and less expensively than under the public system.

Petitioner also contends section 3201.5 is invalid because it fails to give the administrative director of the Department of Industrial Relations' workers' compensation division jurisdiction over the contents of a collectively

bargained ADR plan or the power to enforce compliance with the agreement. Again, nothing in article XIV, section 4 requires a system for resolving workers' compensation claims to be subject to the director's oversight. But, more importantly, petitioner's argument is incorrect. Section 3201.5 does provide for protection against abuse since it requires the administrative director to approve proposed ADR plans and monitor their operation. The statute also expressly prohibits such plans from diminishing certain benefits and makes arbitration decisions subject to review by the WCAB. (§ 3201.5, subds. (a)(1), (b), (d), (f), (h) & (j).)

Thus, we reject petitioner's attack on the validity of section 3201.5 and the IBEW/NECA ADR plan.

*Enforceability of the IBEW/NECA Agreement*

■ Petitioner and the amici curiae supporting him argue the ADR procedure established by the IBEW/NECA plan is not binding on individual employees.

In *Alexander* v. *Gardner-Denver Co.* (1974) 415 U.S. 36 [94 S.Ct. 1011, 39 L.Ed.2d 147], the United States Supreme Court held an employee's participation in a collective bargaining agreement's grievance arbitration procedure which covered discrimination claims did not waive his right to later sue in federal court for alleged racial discrimination in violation of title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e). "[A] union may waive certain statutory rights related to collective activity, such as the right to strike. . . . Title VII, on the other hand, stands on plainly different ground; it concerns not majoritarian processes, but an individual's right to equal employment opportunities. Title VII's strictures are absolute and represent a congressional command that each employee be free from discriminatory practices. Of necessity, the rights conferred can form no part of the collective-bargaining process since waiver of these rights would defeat the paramount congressional purpose behind Title VII." (415 U.S. at p. 51 [94 S.Ct. at p. 1021].) In *Torrez* v. *Consolidated Freightways Corp.* (1997) 58 Cal.App.4th 1247 [68 Cal.Rptr.2d 792], the Court of Appeal affirmed an order denying a motion to compel arbitration of a discrimination claim under the provisions of a collective bargaining agreement, finding the rule declared in *Alexander* applied to statutory claims under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq. (FEHA)). (*Torrez* v. *Consolidated Freightways Corp., supra,* 58 Cal.App.4th at pp. 1258-1259.)

Noting an employee's right to seek workers' compensation benefits for job-related injuries is authorized by both the California Constitution and

statute, petitioner and the amici curiae supporting him argue the same rule should also apply here. We disagree.

*Alexander* and *Torrez* are distinguishable on two grounds. First, neither title VII of the federal Civil Rights Act nor the FEHA specifically authorizes submission of discrimination claims to a collectively bargained ADR plan. Here, the California Constitution permits the use of arbitration to resolve workers' compensation claims. Furthermore, the Legislature, in exercise of its constitutionally authorized plenary power to enact workers' compensation legislation, provided certain employment-related injury claims may, in some circumstances, be handled through collectively bargained ADR plans.

Second, both *Alexander* and *Torrez* involved arbitration procedures governing employee grievances while this case concerns an ADR established to process complaints involving work-related injuries. As *Alexander* noted, given a "union's exclusive control over the manner and extent to which an individual grievance is presented," and the fact "harmony of interest between the union and the individual employee cannot always be presumed," cases may arise where "the interests of the individual employee may be subordinated to the collective interests of all employees in the bargaining unit." (*Alexander* v. *Gardner-Denver Co., supra,* 415 U.S. 36, 58, fn. 19 [94 S.Ct. 1011, 1024].)

The same is not true here. The IBEW/NECA plan specifically authorizes employees to file claims for workers' compensation benefits. Nothing in either section 3201.5 or the IBEW/NECA agreement suggests job-related injury claims are owned by the union or grants the union discretion to limit the prosecution of them. Furthermore, ADR plans must be approved by the administrative director of the Department of Industrial Relations' workers' compensation division, and arbitration decisions are subject to review by the WCAB and the Court of Appeal. (§ 3201.5, subds. (a)(1), (d), (f) & (g).)

Consequently, the rule announced in *Alexander* and *Torrez* does not apply here.

*Claims Raised Solely by Amici Curiae*

█ The amicus curiae briefs filed in support of petitioner raise several additional issues not presented by petitioner. We conclude these issues are not properly before us.

Generally courts will only consider issues properly raised by the parties on appeal. (*E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497,

510-511 [146 Cal.Rptr. 614, 579 P.2d 505]; *California Assn. for Safety Education* v. *Brown* (1994) 30 Cal.App.4th 1264, 1274-1275 [36 Cal.Rptr.2d 404]; *Bruno* v. *Superior Court* (1990) 219 Cal.App.3d 1359, 1365 [269 Cal.Rptr. 142].) However, the Supreme Court has recognized two exceptions to this rule. First, under the theory that an appeal should be affirmed if the judgment is correct on any theory, amicus curiae may raise an issue which will support affirmance. Second, amicus curiae may assert jurisdictional questions which cannot be waived even if not raised by the parties. (*E. L. White, Inc.* v. *City of Huntington Beach, supra,* 21 Cal.3d at p. 511; see also *California Assn. for Safety Education* v. *Brown, supra,* 30 Cal.App.4th at p. 1275.)

Amici curiae contend the IBEW/NECA plan violates due process, and both the plan and section 3201.5 deny equal protection of the law. They also contend the IBEW/NECA plan violates section 3201.5, subdivision (b)'s requirement that a collective bargaining agreement not "diminish[] the entitlement of an employee to compensation payments . . . or medical treatment . . . ." The Workplace Injury Litigation Group and the Consumer Attorneys of California contend ADR plans for workers' compensation claims constitute bad public policy. Finally, the Workplace Injury Litigation Group claims both section 3201.5 and the IBEW/NECA plan conflict with a provision of the federal Labor-Management Reporting and Disclosure Act. (29 U.S.C. § 401 et seq.)

All of the foregoing arguments are presented in an effort to persuade us to reverse the WCAB decision dismissing petitioner's claim. None of these arguments present jurisdictional questions. Consequently, we decline to consider them.

DISPOSITION

The order of the WCAB denying reconsideration of petitioner's claim is affirmed.

Crosby, Acting P. J., and Sonenshine, J., concurred.