STAN SNYDER, Appellant, v. HARRY L. YORK and SHARON K. YORK, Respondents.

No. 31580

November 29, 1999                              988 P.2d 793

*Petersen & Petersen,* Reno, for Appellant.

*Avansino, Melarkey, Knobel, McMullen & Mulligan,* Reno, for Respondents.

Before YOUNG, AGOSTI and LEAVITT, JJ.

## OPINION

*Per Curiam:*

### FACTS

Harry L. York and Sharon K. York (hereinafter "Buyer") purchased a home from Stan Snyder (hereinafter "Seller") for $445,000. The purchase agreement contained a clause awarding attorney's fees to the prevailing party in any dispute between the Seller and Buyer.[1]

---

[1]The clause read as follows:

ATTORNEY FEES. In any action or proceeding involving a dispute between Buyer, Seller and/or Broker, arising out of the execution of this

Buyer claimed Seller failed to disclose known defects in the house and filed a small claims action against Seller seeking $2,500. The justice of the peace ruled in favor of Seller, and Buyer appealed to district court. The case was remanded for clarification, and the justice of the peace entered a formal written judgment. Seller requested attorney's fees in the sum of $11,932.50 based on the attorney's fees clause of the agreement. The motion for attorney's fees was higher than the jurisdictional limit of justice's court, and Seller requested the matter be transferred to the district court so it could be considered with Buyer's second appeal. Consequently, the justice's court transferred Seller's motion for attorney's fees pursuant to the purchase agreement to the district court. The district court judge ruled in favor of Seller against Buyer on the merits of the appeal and allowed Seller's attorney to file a supplemental motion in the action for attorney's fees pursuant to the agreement. After briefing by the parties, the court denied the request for attorney's fees. The district judge[2] stated:

> The Parties can not [sic] create jurisdiction in this District Court to consider the Motion for Attorney's Fees in the requested amount. This District Court considered this case as an appellate court, and did not have original jurisdiction. NRS 73.050 explicitly provides the powers of this Court regarding an award of attorney's fees in appeals to the district court from the small claims court.

> [Appellant] correctly stated that "[t]here is little question that [appellant] could bring a separate action in this Court based upon the attorney fee provision of the parties [sic] agreement." However, until such time as this District Court has the proper jurisdiction to grant the attorney's fees sought, the Court is restrained by the specific language contained in NRS 73.050.

> Therefore, [appellant's] Supplemental Motion for Attorney's Fees is hereby GRANTED, however, pursuant to NRS 73.050, only in the amount of $15.00.

Seller then filed a separate independent action in district court requesting the attorney's fees as provided in the prevailing party clause of the residential purchase agreement. Buyer filed a motion to dismiss claiming the ruling in the first appeal was a res judicata bar to the complaint. Seller filed a motion for summary judg-

---

agreement or the sale or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court or arbitrator(s).

[2]District Court Judge Connie J. Steinheimer heard the first appeal.

ment stating Buyer was collaterally estopped from challenging the district judge's conclusion that Seller could maintain a separate action to request an attorney's fees award pursuant to the contract. A different district court judge[3] ruled in favor of the Buyer, granting summary judgment on the ground that Seller had received a reasonable attorney fee pursuant to NRS 73.050.[4] Seller filed this appeal from that decision.

## DISCUSSION

The small claims section of the justices' courts was established to allow an inexpensive method of recovery of money only where the amount claimed does not exceed the statutory limit. *See* NRS 73.010. No attorney's fees are allowed either party in a small claims action except in cases of shoplifting. *See* NRS 73.040.[5] Clearly, the policy is to allow persons to recover money due and owing without the expense of hiring an attorney, becoming involved in a lengthy discovery process, or being subjected to a prolonged trial. The justice's court provides simple written forms for the public to use in small claims cases. The appeal form specifically states that "if the appeal is dismissed or the judgment is affirmed, [appellant] will be subject to reimbursing the other party for court costs, and attorney's fees, not to exceed $15, together with any reasonable expenses as determined by the district court." JCRCP 99. Thus, a person who appeals a small claims action relies on the form, which limits the amount of attorney's fees on appeal.

Originally, when the small claims court was formed, the legislature inserted a clause stating that "[n]o attorney at law or other person than the plaintiff and defendant shall take any part in the filing or prosecution or defense of such litigation in the small claims court." A.B. 79, 31st Leg. § 874g (Nev. 1923). Subsequently, the Nevada Legislature removed this section but inserted a clause which stated that "[n]o attorney's fees are allowed either party to an action mentioned or covered by this title." A.B. 140, 33rd Leg. § 874g (Nev. 1927). The cap on attorney's fees of $15 on appeal has remained unchanged.

In Desert Valley Water Co. v. State Engineer, 104 Nev. 718, 720, 766 P.2d 886, 886-87 (1988), we instructed:

---

[3]District Court Judge Janet J. Berry granted the motion for summary judgment in the separate independent action.

[4]NRS 73.050 provides as follows: "The prevailing party on an appeal to the district court shall be awarded an attorney fee by the district court not to exceed the sum of $15."

[5]NRS 73.040 states: "Except as provided by NRS 597.860 and 597.870, no attorney's fees are allowed either party to an action mentioned or covered by this chapter."

When interpreting a statute, we resolve any doubt as to legislative intent in favor of what is reasonable, as against what is unreasonable. Cragun v. Nevada Pub. Employees' Ret. Bd., 92 Nev. 202, 547 P.2d 1356 (1976). The words of the statute should be construed in light of the policy and spirit of the law, and the interpretation made should avoid absurd results. Welfare Div. v. Washoe Co. Welfare Dep't, 88 Nev. 635, 503 P.2d 457 (1972).

It is clear that the legislature's intent is to keep the costs and attorney's fees low in small claims cases.

## CONCLUSION

It is reasonable to conclude that the legislature intended to make the small claims court a "people's court" and to discourage attorneys from appearing. It would be absurd to award $11,932.50 in attorney's fees on a $2,500 small claims case.

The district judge's order granting summary judgment pursuant to NRS 73.050 was correct and we affirm the order.