Filed 7/15/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| MARTHA BRIDGES et al., | |
| Plaintiffs and Appellants, | E059890 |
| v. | (Super.Ct.No. RIC1216373) |
| CITY OF WILDOMAR, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. Matthew C. Perantoni, Judge. Affirmed.

David X. Turajski for Plaintiffs and Appellants.

Burke, Williams & Sorenson, Thomas D. Jex and Amy E. Hoyt, City Attorney, for Defendant and Respondent.

In February 2008, when voters chose to incorporate the City of Wildomar (Wildomar), voters also chose to elect city council members via by-district elections. In November 2009, voters chose to replace the by-district voting system with an at-large voting system. Martha Bridges and John Burkett (Plaintiffs) sued Wildomar for modifying the by-district means of electing city council members. Plaintiffs asserted

1

two causes of action: (1) the modification of the voting system violated Government Code[1] sections 57378, 34884, and 34871; and (2) the modification of the voting system was preempted by the California Constitution. The trial court granted Wildomar's motion for summary judgment and denied Plaintiffs' motion for summary judgment.

Plaintiffs contend the trial court erred because (1) the modification of the voting system violates state statutes; (2) the modification of the voting system is preempted by the California Constitution; (3) Wildomar lacks the authority to repeal enactments that predate its existence as a city; and (4) the modification is invalid because the relevant ordinance does not contain a severability clause. We affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

A.     <u>ELECTIONS</u>

The Riverside Local Agency Formation Commission (LAFCO) oversees the incorporation of new cities in Riverside County. In August 2007, LAFCO adopted Resolution 91-07 ordering Wildomar be incorporated subject to voter approval. Pursuant to Resolution 91-07, the election to confirm the incorporation of Wildomar would also present the question of whether, in future elections, members of the Wildomar City Council (the City Council) would be elected by-district or at-large.

The incorporation and election system questions were placed on the February 2008 ballot, as Measures C and D, respectively. Voters approved the incorporation of Wildomar by passing Measure C. Voters also chose to elect future City Council

---

[1] All further statutory references are to the Government Code unless indicated.

members via by-district elections. Wildomar's incorporation became effective on July 1, 2008. Wildomar incorporated as a general law city.

On July 22, 2009, the City Council adopted Ordinance No. 31 establishing five districts for City Council elections, in accordance with the by-district voting system. Also on July 22, the City Council adopted Resolution No. 09-52 authorizing a special election to be held on November 3, 2009. The special election would present three ordinances to the voters.

On November 3, voters approved Ordinance No. 09-E01, which repealed the by-district elections ordinance and established an at-large system for electing future members of the City Council. All members of the City Council have been elected via at-large votes. No member of the City Council has been elected in a by-district election.

B.      COMPLAINT

Plaintiffs sued Wildomar for modifying the by-district means of electing city council members. Plaintiffs asserted two causes of action: (1) the modification of the voting system violates sections 57378, 34884, and 34871; and (2) the modification of the voting system is preempted by the California Constitution.

C.      WILDOMAR'S MOTION FOR SUMMARY JUDGMENT

Wildomar filed a motion for summary judgment. Wildomar argued Plaintiffs were incorrectly asserting that the decision to elect City Council members via a by-district system was irrevocable. First, Wildomar argued the voting system could properly be modified because Elections Code section 9222 authorizes a city's legislative body to submit to voters a proposition for the repeal or amendment of any ordinance.

3

Wildomar asserted it presented the modified election system to the voters, so the modification was proper.

Second, Wildomar argued section 34873 expressly authorizes the amendment or repeal of an ordinance related to City Council elections. The statute provides, "An ordinance enacted pursuant to this article may be amended or repealed in the same manner; provided, the term of office of any council member elected shall not be affected." (§ 34873.) Wildomar asserted the by-district voting system was created in an at-large election, and it was repealed in the same manner, i.e., an at-large election. Accordingly, Wildomar argued the modification to the voting system was proper.

Third, Wildomar refuted Plaintiffs' argument concerning sections 34871 and 34884. Section 34871 provides four different options for setting-up by-district election systems, e.g., "By districts in five, seven, or nine districts," or "By districts in four, six, or eight districts, with an elective mayor." The statute provides the options may be presented to voters via a City Council sponsored ballot measure or by means of an initiative measure. (§ 34871.) Wildomar argued the statute was silent as to repealing or amending a by-district voting system.

As to section 34884, Wildomar argued it did not prevent the modification or amendment of a by-district voting system. The statute establishes methods for creating the districts for a by-district voting system, as well as creating staggered terms for council members. (§ 34884.) Thus, Wildomar argued the only statute that addressed the repeal or amendment of the by-district voting system was section 34873. Wildomar asserted the method by which the voters repealed the by-district voting system was

4

proper under section 34873, so Plaintiffs' first cause of action, concerning statutory violations, was meritless.

Fourth, Wildomar refuted Plaintiffs' preemption theory. Wildomar asserted the modification to the voting system was not duplicated by general law. Rather, the modification was a local law applicable only to Wildomar. Further, Wildomar argued the modification to the voting system did not contradict general law. Wildomar explained that section 34873 expressly allowed voters to repeal a by-district voting system, so the modification was consistent with state law. Next, Wildomar asserted the modification to the voting system did not enter an area that was already fully occupied by state law. Wildomar reasoned state law expressly allowed municipalities to repeal by-district voting systems, so the Legislature expressed its intent not to occupy the area by permitting municipalities to alter their voting systems. Based upon the foregoing arguments, Wildomar asserted Plaintiffs' preemption cause of action was meritless.

D.      PLAINTIFFS' OPPOSITION TO WILDOMAR'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs opposed Wildomar's motion for summary judgment. First, in regard to Wildomar's argument about Elections Code section 9222, which authorizes a legislative body to submit to the voters a proposition to repeal or amend an ordinance, Plaintiffs asserted the argument failed because Elections Code section 9222 does not authorize a city council to create a new ordinance by placing it on the ballot.

Second, Plaintiffs addressed Wildomar's argument concerning section 34873. Plaintiffs cited section 34871, which provides four different options for setting-up by-

5

district election systems, e.g., "By districts in five, seven, or nine districts," or "By districts in four, six, or eight districts, with an elective mayor." Plaintiffs contended an at-large voting system was not one of the four options, and therefore, was precluded as a possibility.

Additionally, Plaintiffs asserted that because Measure D was placed on the ballot by LAFCO, section 34873 was not the controlling authority for possibly repealing the effects of Measure D. Plaintiffs reasoned that because section 34873 concerned ordinances created by municipalities, and Measure D was the result of LAFCO seeking to incorporate Wildomar under section 57116, section 34873 was inapplicable.

E.     JUDGMENT

At a hearing on the summary judgment motions, the trial court said, "I have read all the moving and opposing papers on both. And the bottom line is, I think the City of Wildomar had the legal right based upon what I have read to proceed as it did; to change from a district to an at large election. So I'm inclined to grant the motion for summary judgment by the City and deny it by the plaintiffs." Neither party offered further argument on the issue. The trial court granted Wildomar's motion for summary judgment, and denied Plaintiffs' motion for summary judgment.

**DISCUSSION**

A.     FORFEITURE AND STATUTE OF LIMITATIONS

Wildomar contends Plaintiffs have forfeited their challenge to the grant of summary judgment because Plaintiffs' appeal fails to address several of the arguments raised in Wildomar's motion for summary judgment. Wildomar asserts Plaintiffs have

6

incorrectly focused their appellate arguments on the *denial* of Plaintiffs' motion for summary judgment, rather than the *grant* of Wildomar's motion for summary judgment. We choose to address the merits of Plaintiffs' appeal.

Wildomar also contends Plaintiffs' challenge to the validity of the subject matter of the election—the ordinance people voted for—modifying the election system—is time-barred because Plaintiffs had 30 days to challenge the subject matter, but waited three years. (Elec. Code, § 16401, subd. (d).) We choose to address the merits of Plaintiffs' argument.

B.     CONFLICT WITH STATE LAWS

Plaintiffs contend the modification of the voting system from by-district to at-large conflicts with state laws that do not permit such an alteration, and therefore, the ordinance modifying the voting system is void.

"On appeal following a trial court's grant of a summary judgment motion, we determine de novo whether an issue of material fact exists and whether the moving party is entitled to summary judgment as a matter of law." (*County of Tulare v. Nunes* (2013) 215 Cal.App.4th 1188, 1195.) In this appeal, Plaintiffs raise legal issues concerning the validity of a municipal ordinance. The interpretation of statutes and the determination of whether a local ordinance is preempted by state laws are also issues subject to de novo review. (*Id.* at pp. 1195-1196.)

"The Supreme Court reiterated the rules of statutory interpretation as follows: 'When we interpret a statute, "[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory

7

language, giving it a plain and commonsense meaning.  We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.  If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." ' " (*City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 350.)

Section 34873 provides, "An ordinance enacted pursuant to this article may be amended or repealed in the same manner; provided, the term of office of any council member elected shall not be affected."  The article includes section 34871, which provides a legislative body may submit to the electorate an ordinance providing for the election of members of the legislative body in one of four different ways, such as "[b]y districts in five, seven, or nine districts," or "[b]y districts in four, six, or eight districts, with an elective mayor."

The language of the statute reflects it relates to ordinances "enacted pursuant to this article."  The article concerns the creation of a particular number of districts in a by-district system.  Therefore, the plain language of section 34873 reflects the statute provides for the repeal or amendment of an ordinance creating a particular number of electoral districts within a by-district voting system.  Accordingly, the question remains whether section 34873 applies to removing the by-district system entirely in favor of an at-large voting system.

8

Most likely, the answer is that the statute does apply to removing the by-district system entirely due to section 57378. Section 57378 provides, "If the voters in the incorporation election determine that future city council members shall be elected 'by districts,' or 'from districts,' the provisions of Article 2 ("commencing with Section 34870") of Chapter 4 of Part 1 of Division 2 shall apply to those elections." Section 34873 is within the identified provisions (commencing with Section 34870). Thus, under the plain language of section 57378, when a by-district system of election is chosen, section 34873, which concerns repealing ordinances, is an applicable statute. Therefore, when voters at an incorporation election choose to elect future city council members in a by-district method, if voters later want to alter that choice, section 34873 would apply.

Nevertheless, if sections 57378 and 34873 were not to apply for some reason, then Supreme Court case law would fill that gap. Our Supreme Court has explained, " '[I]t is the general rule that power to enact ordinances implies power, unless otherwise provided in the grant, to repeal them. It is patently obvious that the effectiveness of any legislative body would be entirely destroyed if the power to amend or repeal its legislative acts were taken away from it. . . . The power of repeal extends, generally speaking, to all ordinances. Indeed, a municipal corporation cannot abridge its own legislative powers by the passage of irrevocable ordinances. . . .' " (*Blotter v. Farrell* (1954) 42 Cal.2d 804, 811.)

9

There is no dispute that the City Council enacted the ordinance creating the by-district voting system. Plaintiffs, in their Appellants' Reply Brief, write, "[Plaintiffs] do not dispute that Ordinance No. 31 establishing five electoral districts in Wildomar was duly enacted pursuant to Article 2 (Gov. Code §§ 34870-34884) . . . ." Because the City Council enacted the by-district ordinance following voter approval, the City Council also had the authority to repeal or amend that ordinance following voter approval. (*Blotter v. Farrell*, *supra*, 42 Cal.2d at p. 811; see also § 34873.) Accordingly, the City Council had the authority to act as it did—to alter the voting system from by-district to at-large, as approved by the electorate. Thus, we conclude the trial court did not err by granting summary judgment.

Plaintiffs contend the trial court erred because the City Council did not have the authority to effectively repeal Measure D, which was placed on the ballot by LAFCO. Measure D asked voters whether they preferred a by-district or at-large system for future City Council elections. Thus, Plaintiffs assert the ordinance may have been properly subject to repeal under section 34873, but Measure D was not subject to repeal under section 34873.

When LAFCO creates a resolution to incorporate an area subject to an election, the resolution must include the question of whether members of the city council, in future elections, are to be elected by-district or at-large. (§ 57116, subd. (b).) After the election, LAFCO must file a certificate of completion reflecting which system of electing council members was favored by the electorate. (§§ 57176, 57178.) Plaintiffs'

10

argument does not explain how the resolution created by LAFCO, subject to approval by the passage of Measure D, takes precedence over Wildomar's own ordinance.

Plaintiffs point to section 34880, subdivision (a), which provides, "If the petition or proposal developed by the commission [(LAFCO)] for submission to the electorate for incorporation or special reorganization of a city provides for the election of members of the legislative body by (or from) districts and includes substantially the provisions required to be included in an ordinance providing for that election, including Section 34871, the members of the legislative body shall be elected in the manner provided in the petition or proposal."

Plaintiffs rely on section 34880 to support their argument that there is a difference between Measure D and the ordinance creating the by-district voting system. While we agree there is a difference, it is unclear how that difference operates to cause LAFCO's resolution to take prominence over Wildomar's own municipal ordinance. Plaintiffs assert Measure D created a county law, and Wildomar cannot repeal a county law. Plaintiffs do not explain their underlying premise, i.e., how a LAFCO resolution, which was subject to voters approving Measures C and D, created an irrevocable county law.

It appears from the language of section 57378 that Measure D would be revocable. As set forth *ante*, section 57378 provides, "If the voters in the incorporation election determine that future city council members shall be elected 'by districts,' or 'from districts,' the provisions of Article 2 (commencing with Section 34870) of Chapter 4 of Part 1 of Division 2 shall apply to those elections." Section 34873, which

11

concerns repealing ordinances, is within the identified provisions ("commencing with Section 34870"). Thus, under the plain language of section 57378, when a measure passes at an incorporation election, and a by-district system of election is chosen, section 34873, which concerns repealing ordinances, is an applicable statute. It appears from the language of section 57378 that the Legislature contemplated the ordinance taking precedence, and the ordinance being repealed, if so chosen, by the voters.

Moreover, section 57376, subdivision (a), provides that a newly incorporated city shall immediately adopt an ordinance providing that all county ordinances are applicable for 120 days after incorporation "or until the city council has enacted ordinances superseding the county ordinances, whichever occurs first." The plain language of this statute reflects a newly incorporated city may modify its laws, even if those laws were originally county ordinances. Thus, the effects of Measure D could be modified.

Plaintiffs assert section 57376 is inapplicable because Measure D was not a county ordinance. Section 57376 is included in the discussion herein because there is a need to cover a variety of possibilities, in that Plaintiffs have not exactly explained why they believe Measure D is irrevocable and takes precedence over Wildomar's ordinance. Plaintiffs contend a variety of modification laws do *not* apply, but do not explain what laws *could* apply if a municipality sought to modify its city council election system. In other words, Plaintiffs appear to be arguing the by-district voting system is an irrevocable choice, but it is unclear exactly why Plaintiffs believe that to be true. As a

12

result, to the extent Plaintiffs might believe Measure D is irrevocable because it created a county law, section 57376, is addressed.

In sum, given the plain language of sections 57378, 57376, and 34873, along with the Supreme Court precedent of *Blotter v. Farrell*, *supra*, 42 Cal.2d at page 811, we conclude the trial court did not err by granting summary judgment because the law reflects Wildomar had the authority to modify its City Council election system as approved by the voters.[2]

C.    PREEMPTION

Plaintiffs contend the modification to the voting system is preempted by the California Constitution because changing the voting system from by-district to at-large conflicts with a variety of state laws, such as sections 34881 through 34884. As explained *ante*, a conflict with California law would be created if an ordinance were irrevocable because a municipal corporation's powers would be abridged by such a law. (*Blotter v. Farrell*, *supra*, 42 Cal.2d at p. 811.) Plaintiffs do not point to any law reflecting the choice of a by-district election system is irrevocable such that a conflict would be created by altering the system to an at-large system. (See *City of Riverside v. Inland Empire Patients Health and Wellness Center, Inc.* (2013) 56 Cal.4th 729, 743 [a

---

[2] Wildomar requests this court take judicial notice of the legislative history of sections 34870 through 34884 (Assem. Com. on Elections & Reapportionment, Analysis of Assem. Bill No. 1668 (2010)). (Evid. Code, § 452, subd. (c).) We grant the request for judicial notice, as required by law. (Evid. Code, § 453.) However, we need not delve into the legislative history due to the clarity of the statutes' plain language. (See *City of Glendale v. Marcus Cable Associates, LLC*, *supra*, 235 Cal.App.4th at p. 350 [consider legislative history if plain language is ambiguous].)

local law is preempted if it conflicts with state laws].) Accordingly, we conclude the modification to the voting system is not preempted by the California Constitution.

D. SEVERABILITY CLAUSE

Plaintiffs contend the modification of the voting system is invalid because the ordinance modifying the voting system does not contain a severability clause. Plaintiffs assert the lack of severability clause is relevant because the "at-large" clause in the ordinance and the portion of the ordinance repealing Measure D "are clearly invalid." We have concluded *ante*, that Plaintiffs have failed to demonstrate the ordinance is invalid. Accordingly, we find the severability issue to be moot. (See *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 [issue is moot when no effective relief can be provided].)

**DISPOSITION**

The judgment is affirmed. Respondent, City of Wildomar, is awarded its costs on appeal.

CERTIFIED FOR PUBLICATION

MILLER_____
                                                                                          J.


We concur:


KING_____
                    Acting P. J.


CODRINGTON_____
                              J.

14