Filed 10/22/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MICHAEL DORSEY, as Trustee, etc.,<br><br>  Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>  Respondent;<br><br>JEFFREY CROSIER et al.,<br><br>  Real Parties in Interest. | D067836<br><br>(Super. Ct. No. 37-2014-00305888-SC-SC-CTL) |

ORIGINAL PROCEEDING in mandate.  Joel R. Wohlfeil, Judge.  Petition granted.

Law Offices of Randall S. Waier and Randall S. Waier for Petitioner.

No appearance for Respondent.

Tenants Legal Center and Christian A.M. Curry for Real Parties in Interest.

A defendant who loses in the small claims court can appeal to the superior court and obtain a new hearing.  Although (with limited exceptions) lawyers cannot take part in

the conduct or defense of a small claims trial, lawyers may represent parties in a small claims appeal. (Code Civ. Proc., § 116.530.)[1] Section 116.780(c) provides for an award of attorney fees up to $150 in connection with a small claims appeal. Under section 116.790, the amount is increased up to $1,000 if the superior court finds the appeal was "without substantial merit and not based on good faith . . . ."

The small claims court dispute here arises out of a condominium lease, which contains a prevailing party attorney fee provision. After the superior court heard the small claims appeal, it entered judgment in favor of the tenants, Jeffrey and Rebekah Crosier (together, Crosier), against the landlord, Michael Dorsey as trustee of the Dorsey Trust, in the principal amount of $1,560.

After judgment, Crosier sought $11,497.50 in attorney fees as the prevailing parties under the attorney fee provision in the lease. Dorsey opposed the motion, asserting section 116.780(c) trumped the contractual attorney fees provision, limiting any award to $150. The superior court awarded Crosier $10,373.

The issue in this case of first impression is whether section 116.780(c) expressly, or the policy of the statute implicitly, overrides the freedom to contract for a different amount of attorney fees.

Small claims court exists so people with meritorious claims for small amounts may have those claims adjudicated without spending more on attorney fees than the

---

[1] Unless otherwise stated, all statutory references are to the Code of Civil Procedure. When referring to statutory subparts within that code, the word "subdivision" is omitted.

2

claims are worth. (*City and County of San Francisco v. Small Claims Court* (1983) 141 Cal.App.3d 470, 474.) Section 116.780(c) reflects a legislative determination that a small claims appeal should require no more than minimal attorney time. The small claims appeal procedure was intended to be integral to the legislative scheme for expeditious and cost-effective resolution of small claims. Therefore, as we explain, section 116.780(c) must be construed to override contractual attorney fee provisions and limit the attorney fee award here to $150.

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Petition's Allegations Are Deemed True*

After the superior court granted Crosier's motion for attorney fees, Dorsey filed a petition for a writ of mandate. We issued an order to show cause, inviting Crosier to file a return.

When the Court of Appeal issues an order to show cause, the real party in interest may file "a return by demurrer, verified answer, or both." (Cal. Rules of Court, rule 8.487(b)(1).) "The return must conform to the rules governing an answer in a civil action, and the usual rules of pleading apply." (8 Witkin, Cal. Procedure (5th ed. 2008) Extraordinary Writs, § 195, p. 1099.)

In response to the order to show cause, Crosier's return included neither an answer nor a demurrer. Instead, the return contains a two-page "Procedural and Factual History" verified by Rebekah Crosier and a memorandum of points and authorities.

In his traverse, Dorsey asks us to "strike" the return because it does not include a verified answer or affirmative defenses. We decline to strike the return; however,

3

Crosier's failure to answer or demurrer results in the factual allegations in Dorsey's petition being deemed true. (*Bank of America, N.A. v. Superior Court* (2013) 212 Cal.App.4th 1076, 1084-1085.) These allegations comprise the facts stated below.

B. *The Small Claims Litigation and Appeal*

In October 2012 Dorsey and Crosier entered into a one-year written lease for a condominium. After the lease terminated, disputes arose between the parties. Paragraph 40 of the lease contains an attorney fee provision, stating, "In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs."

In March 2014 Crosier filed a small claims court claim against Dorsey. Crosier sought $10,000 for alleged breach of the rental agreement, breach of the implied covenant of quiet enjoyment, wrongful retention of security deposit, retaliation, and constructive eviction. Crosier claimed an additional $850 as "reasonable attorneys [*sic*] fees."

Dorsey filed a "Defendant's Claim" in the small claims court. Dorsey alleged Crosier was liable for holdover rent and other damages. Dorsey sought "attorney's fees of $2,000."

The small claims court entered judgment in favor of Crosier on their claim for $3,200 and in favor of Dorsey on his claim for $1,153—resulting in a net judgment

4

favoring Crosier for $2,047. Dorsey appealed to the superior court.[2] Both sides were represented by counsel on the small claims appeal. The superior court found (1) Dorsey breached the lease by not returning $1,560 of Crosier's security deposit, and (2) Crosier did not breach the lease.

Crosier's attorney thereafter filed a motion seeking $11,497.50 in attorney fees under the prevailing party attorney fee provision in the lease.

Dorsey filed opposition, asserting the $150 cap in section 116.780(c) governed all attorney fee awards in small claims court appeals.

The superior court issued a tentative ruling stating that although "the Court would be inclined to award Plaintiffs at or near the amount of attorney fees requested," section 116.780(c) limited the award to $150. However, after hearing argument, the court reversed its tentative ruling and awarded Crosier $10,447.50. The superior court concluded, "There is no indication that section 116.780 overrides the ability to contract for a larger award. Instead, section 116.780 creates a different avenue to recovery in the event there is no contractual right to an award for attorney fees."

Dorsey filed a petition for writ of mandate, asserting section 116.780(c) governs the award of attorney fees in all small claims appeals. We issued an order to show cause why the relief requested should not be granted.

---

[2]    In small claims court, an appeal is one in name only. The trial court's judgment is not affirmed or reversed; rather, there is a trial de novo, a new hearing before a different judge. (§ 116.770(a).)

PROPRIETY OF REVIEW

The superior court's judgment on a small claims appeal is "final and not appealable." (§ 116.780(a).) The Court of Appeal will also not entertain a writ petition "merely to consider a claim the superior court erred" in deciding the small claims appeal. (*Linton v. Superior Court* (1997) 53 Cal.App.4th 1097, 1099, fn. 2.)

However, if law is to be made settling a significant issue of small claims procedure, "the appellate courts must have jurisdiction to entertain petitions for extraordinary review in appropriate circumstances." (*Houghtaling v. Superior Court* (1993) 17 Cal.App.4th 1128, 1131.) Writ relief is appropriate here to review this significant issue in small claims law and to ensure uniform interpretation of the governing statutes. (*Universal City Nissan, Inc. v. Superior Court* (1998) 65 Cal.App.4th 203, 205.)

DISCUSSION

I. *Small Claims Procedures*

"[The] small claims process was established to provide an inexpensive and expeditious means to settle disputes over small amounts." (*Pace v. Hillcrest Motor Co.* (1980) 101 Cal.App.3d 476, 478.) With limited exceptions, no attorney may take part in the conduct or defense of a small claims action. (§ 116.530(a).) There are no formal pleadings (§ 116.310), no pretrial discovery (§ 116.310), and no legal rules of evidence (§ 116.510). There is no right to jury trial, and the court need not issue a statement of decision. (*Acuna v. Gunderson Chevrolet, Inc.* (1993) 19 Cal.App.4th 1467, 1471.)

The small claims judge may "consult witnesses informally and otherwise investigate the controversy with or without notice to the parties." (§ 116.520.) The hearings are often "terminated in a short space of time" and the awards "are often based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings." (*Sanderson v. Niemann* (1941) 17 Cal.2d 563, 573.)

A plaintiff who elects to file an action in small claims court has no right to appeal that claim. (§116.710(a).) Upon appeal by a defendant, there is a "new hearing" before a judge who did not hear the trial. (§116.770(a).) The appeal is to be conducted in the same manner as the original hearing—informally, promptly, fairly, and inexpensively, except that attorneys may participate in the appeal. (§§ 116.510, 116.770(b), (c).) Pretrial discovery is prohibited; there is no right to jury trial, and no tentative decision or statement of decision is required. (§116.770(b).) The superior court's judgment on the appeal "is final and not appealable." (§ 116.780(a).)

For good cause and in the interest of substantial justice, the superior court may award a party to an appeal reimbursement of attorney fees actually and reasonably incurred in connection with the appeal up to $150. (§116.780(c).) If the court finds the appeal was without substantial merit and not based on good faith, but intended to harass, delay, or encourage the other party to abandon his or her claim, the court may award attorney fees actually and reasonably incurred in connection with the appeal that do not exceed $1,000. (§116.790.)

7

The Judicial Branch of California website informs the public about such attorney fees on a small claims appeal, stating:

> "If you lose [the appeal y]ou may be ordered to pay up to $150 for attorney fees . . . .[¶] And if the judge finds you filed your appeal in bad faith, the court may award up to $1,000 in attorney fees . . . ." (http://www.courts.ca.gov/1016.htm.)

This website contains no other reference to recovering attorney fees on a small claims appeal.

The small claims court system "has been refined over hundreds of years with recurring attention from the courts, legal commentators, and the Legislature." (*City and County of San Francisco v. Small Claims Court*, *supra*, 141 Cal.App.3d at p. 475.) The small claims procedures outlined above reflect the Legislature's understanding that ""only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum.""" (*Rosenberg v. Superior Court* (1998) 67 Cal.App.4th 860, 865.)

From the outset, the Legislature and courts have acted to make small claims court cost effective for litigants—so litigants may bring these claims to court "without spending more money on attorney's fees and court expenses than the claims were worth." (Zucker & Herr, *The People's Court Examined: A Legal and Empirical Analysis of the Small Claims Court System* (2003) 37 U.S.F. L.Rev. 315, 321.) "Recognizing the goal of providing justice in small matters at a reasonable cost, the courts of this state have upheld provisions in the statutes governing small claims actions which restrict what are recognized otherwise as substantial, even constitutional rights. Thus, the denial of any

8

right to appeal for a plaintiff has been sustained (*Superior Wheeler Cake Corp. v. Superior Court* (1928) 203 Cal. 384, 387), as has the prohibition against representation by counsel. (*Prudential Ins. Co. v. Small Claims Court* (1946) 76 Cal.App.2d 379, 383-384 [Prudential].)" (*Houghtaling v. Superior Court*, *supra*, 17 Cal.App.4th at p. 1133.) "If the small claims court is to be the 'People's Court,' it must not be encumbered with rules and restrictions which can only frustrate and hinder the litigant who resorts to that court in response to its promise of speedy and economical justice." (*Id.* at p. 1136.)

Small claims court is especially designed for cases where litigants may secure redress for meritorious claims small in amount. "These cases are relatively of as great importance to those litigants as those heard in our highest courts, but the expense of employing an attorney and paying normal court costs is more than the cause will bear. The solution to this problem . . . has been to create small claims [courts]." (*Prudential, supra,* 76 Cal.App.2d at p. 383.)

The Legislature has declared the small claims process must "dispense justice promptly, fairly, and inexpensively." (§ 116.510.) Small claims court is the great equalizer. For many people, it embodies what the law and legal system is all about, the People's Court. The Legislature had declared the small claims court is "a fundamental element in the administration of justice and the protection of the rights and property of individuals." (§ 116.120(c).) Keeping in mind the special nature and purpose of the small claims court, we turn to the issue before us.

## II. *Statutory and Contractual Attorney Fee Provisions*

The introductory language in section 1021 provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." Similarly, the introductory language in section 1032(b) is of the same effect, stating, "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Under section 1033.5(a)(10), attorney fees are allowable as costs when authorized by contract, statute, or law.

Here, Dorsey contends the $150 cap on attorney fees in section 116.780(c) is a statutory exception within these introductory parts of sections 1021 and 1033.5. He asserts that as a result, attorney fees incurred on appeal in a small claims case are governed by section 116.780 and parties cannot contract otherwise.

Dorsey cites two cases that discuss the interplay between a statutory right to attorney fees and a potentially conflicting contractual prevailing party attorney fee clause. In *Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132 (*Carver*), service station franchisees brought an action against Chevron alleging, among other things, breach of their gas station lease agreements and violations of the Cartwright Act (Bus. & Prof. Code, § 16700 et seq.). The lease agreements contained an attorney fee clause. After the franchisees lost on appeal, the trial court awarded Chevron more than $6 million in attorney fees for defending both contract and Cartwright Act claims.

The Cartwright Act contains a unilateral fees clause, providing for an award of fees to "any person who is injured" by enumerated statutory violations, but no reciprocal right on the part of a prevailing defendant to any award incurred in successfully defending the Cartwright Act claim. (*Carver, supra,* 97 Cal.App.4th at p. 144.) This Court reversed and remanded for reduction of the amount of the attorney fee award incurred in defending the Cartwright Act claims. We held the trial court's award of defense fees for those claims under the contract was "erroneously attempting to override the Legislature's intention to provide such one-sided recovery by statute." (*Carver,* at p. 145.)

The appellate court in *County of Sacramento v. Sandison* (2009) 174 Cal.App.4th 646 (*Sandison*) faced a similar legal issue, but in an entirely different statutory context and reached the opposite result. There, the County of Sacramento and a property owner entered into a settlement agreement with a stipulated injunction and a prevailing party attorney fee clause. The county later sought to enforce the injunction, lost, and the owner recovered $29,000 in attorney fees under the contract.

Government Code section 25845, subdivision (c), pertaining to abatement of a nuisance, provided that in "no action . . . shall an award of attorneys' fees to a prevailing party exceed the amount of reasonable attorneys' fees incurred by the county in the action or proceeding." The county argued this statute limited recovery under the parties' contractual prevailing party attorney fee clause. However, the *Sandison* court rejected the argument because Government Code section 25845, subdivision (b) provided that recovery of costs "pursuant to this section shall be in addition to and shall not limit any

11

prevailing party's right to recover costs pursuant to Sections 1032 and 1033.5 of the Code of Civil Procedure or any other provision of law."  Thus, because recovery of costs under Code of Civil Procedure section 1033.5(a)(10) includes attorney fees when authorized by contract, Government Code section 25845, subdivision (b) itself provided that a recovery of attorney fees authorized by contract was to be in addition to, and not limited by, Government Code section 25845, subdivision (c).  (*Sandison*, *supra,* 174 Cal.App.4th at p. 651.)

The *Sandison* Court distinguished *Carver* and summarized the applicable rule as follows:

> "[T]he question is whether the statutory attorney fee provision expressly, or the policy of the statute implicitly, overrides the freedom to contract for a different outcome."  (*Sandison*, *supra*, 174 Cal.App.4th at p. 651.)

Accordingly, our task is to interpret section 116.780(c) to determine if it expressly, or the policy of the small claims statutes implicitly, overrides the freedom to contract for a higher amount of attorney fees incurred in a small claims court appeal.

### III.  *Statutory Interpretation*

#### A.  *Standard of Review*

"Construction and application of a statute involve questions of law, which require independent review."  (*Murphy v. Padilla* (1996) 42 Cal.App.4th 707, 711.)

12

B. *Rules of Statutory Interpretation*

"'The Supreme Court reiterated the rules of statutory interpretation as follows: 'When we interpret a statute, '[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'''" (*Bridges v. City of Wildomar* (2015) 238 Cal.App.4th 859, 866.) In the end, we "'"must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences."'" (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003.)

C. *Statutory Language*

Section 116.780(c) provides:

> "For good cause and where necessary to achieve substantial justice between the parties, the superior court may award a party to an appeal reimbursement of (1) attorney's fees actually and reasonably incurred in connection with the appeal, not exceeding one hundred fifty dollars ($150), and (2) actual loss of earnings and expenses of transportation and lodging actually and reasonably incurred in

13

connection with the appeal, not exceeding one hundred fifty dollars ($150)."

Unlike the Government Code statute at issue in *Sandison*, there is no express provision in section 116.780(c) providing that the attorney fees allowed by section 116.780(c) are "in addition to and shall not limit any prevailing party's right" to contractual attorney fees. Thus, *Sandison* is significantly distinguishable on its facts.

Interestingly, although neither the parties nor the superior court in its order mentions it, by its own terms section 116.780(c) is not a pure "prevailing party" attorney fee provision. Even if a party prevails in the small claims appeal on the only contract claim in the action, the court cannot award any fees under section 116.780(c) without first determining the award is "[f]or good cause" and "necessary to achieve substantial justice between the parties."

In sharp contrast, where, for example, a trial court in an ordinary civil action renders a simple unqualified decision in favor of a defendant on the only contract claim in the action, the defendant is the prevailing party *as a matter of law* and therefore entitled to reasonable attorney fees under a contractual fee provision. (*David S. Karton, A Law Corp. v. Dougherty* (2014) 231 Cal.App.4th 600, 609.)

By expressly conditioning the right to recover attorney fees on a small claims appeal to the superior court's discretionary consideration of "good cause" and "substantial justice between the parties," the Legislature has expressed an intention that equitable criteria—and not merely litigation victory—must be considered, and indeed may be determinative, in an award of attorney fees in a small claims appeal. Such

14

considerations are entirely consistent with, and effectuate, the fundamental nature and role of the small claims court, which the Legislature has expressed declared: "to resolve minor civil disputes expeditiously, inexpensively, and fairly . . . ."  (§ 116.120(b).)

Indeed, in discussing attorney fees in small claims appeals under section 116.780(c), the *Consumer Law Sourcebook for Small Claims Court Judicial Officers: Small Claims Court Law and Procedure,* published by the State of California Department of Consumer Affairs states, "Since small claims court is designed to be lawyer-free, awards of attorney's fees probably should be *extraordinary and never routine*." (Consumer Law Sourcebook (Dept. of Consumer Affairs 2005) § 15.5.8, p. 443, italics added.)

Put simply, small claims court is significantly different from ordinary civil litigation.  For example, the Legislature gives a small claims judge the power to decide cases based on his or her ex parte consultations with witnesses and the court's own investigation (§ 116.520(c))—judicial acts prohibited in ordinary civil actions.  The reason is obvious:  those powers allow the small claims court to resolve minor disputes quickly, fairly, and inexpensively.  Similarly here, the Legislature created a unique right to attorney fees in a small claims appeal—a right that is not solely dependent on litigation success, but instead includes fairness and equitable considerations that have a special place in deciding small claims matters.  As the court in *Alturas v. Superior Court of Modoc County* (1940) 36 Cal.App.2d 457, 461 notes, the everyday users of small claims court are often of "limited means and resources."  Small claims litigants would all be but

locked out of the small claims appeal process if they could be liable for uncapped attorney fees if they lost.

For these reasons, this case is like the attorney fee issue in *Carver*. There, we determined the Legislature's intention in providing a unilateral right to recover attorney fees under the Cartwright Act overrode a general prevailing-party attorney fee provision in the parties' contract. Similarly here, by injecting equitable considerations into the determination of a party's entitlement to recover any attorney fees in a small claims court appeal, and by capping attorney fees at $150, section 116.780(c) is the type of "other statutory provision" that will override a general litigation costs entitlement under section 1032. (*Carver, supra,* 97 Cal.App.4th at p. 147.)

D. *Legislative History*

The relevant legislative history confirms our interpretation of the statute's text. The Small Claims Act was created in 1990 by legislation sponsored by the Department of Consumer Affairs. (§ 116.110; Dept. of Consumer Affairs, Enrolled Bill Rep. on Sen. Bill No. 2627 (1990 Reg. Sess.) Sept. 24, 1990.) As enacted in 1990, section 116.780(b) provided, "[I]f the judgment is affirmed in whole or in part or the appeal is dismissed, the superior court also may allow plaintiff the sum of fifteen dollars ($15) as an attorney's fee." (Stats. 1990, ch. 1305, § 3, p. 5613.)

In 1991 the Department of Consumer Affairs sponsored amendments to the Small Claims Act. These included amendments to section 116.780(c) in its present form. The bill summary contains "Comments on Proposed Changes Small Claims Act" by the

16

Department of Consumer Affairs.  (State and Consumer Service Agency, Bill Summary,

Senate Bill No. 771, as amended April 24, 1991.)[3]

The 1991 bill summary's comment on section 116.780(c), quoted *post*, is

significant in at least two respects.  First and foremost, the bill summary expressly states

the $150 attorney fee is a "*maximum*" award.  Second, regardless of any other

circumstances, the court cannot award any fees unless the award achieves substantial

justice.  Clearly, this is no ordinary prevailing party attorney fee provision.  The bill

summary states:

> "This bill proposes to increase the maximum award of attorney's fees
> against an appealing defendant who loses from $15 to $150, and to
> also provide for reimbursement of any wage losses and
> transportation expenses actually incurred by the plaintiff not
> exceeding $150.  The present amount ($15) has lost its deterrent
> effect and gives losing defendants an unfair bargaining advantage
> over prevailing plaintiffs.  At the same time, the proposed ceilings
> remain low enough not to deter losing parties from taking legitimate
> appeals.  Moreover, the superior court must both exercise discretion
> and find that an award is 'necessary to achieve substantial justice'
> before making an award under this section.  The circumstances that
> will justify an award under this section are many and diverse, and
> may include such factors as the merits of the appeal and the relative
> economic circumstances of the parties; but an award will not be
> appropriate unless the result is to help achieve substantial justice."[4]

---

[3]     Courts have frequently referred to bill summaries when examining legislative history to determine the meaning of a statute.  (E.g., *People v. Superior Court* (*Arthur R.*) (1988) 199 Cal.App.3d 494, 499-500; *Mir v. Charter Suburban Hospital* (1994) 27 Cal.App.4th 1471, 1484.)

[4]     We obtained the legislative history on our own initiative; however, we sent a copy of the bill summary to counsel and invited supplemental briefs on the subject.  Crosier contends the bill summary is "the opinion of a third party and not the drafter" and "is wrong."  However, contrary to Crosier's assertion, the bill summary was prepared by the Department of Consumer Affairs, which sponsored the legislation.  (*Department of*

E.  *Context and Policy*

The Supreme Court has repeatedly stated we must protect the informal nature and the simplicity of small claims procedures to preserve the nature of that forum as one that yields speedy common justice without the need to resort to lawyers.  (*Sanderson v. Niemann, supra,* 17 Cal.2d at p. 573; *Perez v. City of San Bruno* (1980) 27 Cal.3d 875, 884; *Crouchman v. Superior Court* (1988) 45 Cal.3d 1167, 1171.)

The intermediate appellate courts have followed that mandate.  For example, in *Pace v. Hillcrest Motor Co., supra,* 101 Cal.App.3d at page 479, the court held that a cause of action for malicious prosecution cannot be grounded on instituting a small claims proceeding because to permit such an action would frustrate the policy behind the small claims procedure.

In *Eloby v. Superior Court* (1978) 78 Cal.App.3d 972, 975-976, the court held the Legislature intended, consistent with the purpose of the small claims law, to preclude all motions for new trial after the new hearing on appeal in the superior court.

In *Bruno v. Superior Court* (1990) 219 Cal.App.3d 1359, the court held the Legislature did not intend that formal discovery procedures should be permitted in either the small claims action itself of the new hearing on appeal.  In reaching that decision, the *Bruno* court noted that formal discovery "would be completely inconsistent with the goals and procedures of the small claims court and would impose an unacceptable burden

*Corrections & Rehabilitation v. State Personnel Bd.* (2013) 215 Cal.App.4th 1101, 1111 ["We recognize 'statements by a bill's sponsor appearing in a committee report have been quoted and relied upon by our Supreme Court in determining the meaning of a statute.'"].)

18

on unrepresented litigants.  Discovery at the appeal level would also defeat the object of speedy and inexpensive settlement of disputes, the object of the entire small claims process."  (*Id.* at p. 1363.)

Similarly here, our task is to interpret section 116.780(c) to give effect to the Legislature's clearly stated intent to create an expeditious and *inexpensive* method of resolving disputes and to avoid the complexity and delay of ordinary litigation.  This intent can be effectuated only if section 116.780(c) overrides any conflicting contractual attorney fee provision.

In ordinary civil actions, litigation over attorney fees often takes on a life of its own, becoming a major piece of litigation "sometimes rivaling or even exceeding the amount involved on the merits."  (*International Billing Services, Inc. v. Emigh* (2000) 84 Cal.App.4th 1175, 1186.)  Attorney fee litigation can turn a simple civil case into two or even more cases—the case on the merits, the case on the merits on appeal, the case for fees, the case for fees for proving fees, and so on.  (See *Chambless v. Masters, Mates & Pilots Pension Plan* (2d Cir. 1989) 885 F.2d 1053, 1054 ["The attorney's fee issue  . . . has like Frankenstein's monster taken on a life of its own and threatens to become a second major litigation."]; *Leo Eisenberg & Co. v. Payson* (1989) 162 Ariz. 529, 535 [785 P.2d 49, 55] ["[T]he attorneys' fees in this case have not simply become a case of the tail wagging the dog; the attorneys' fees have become the dog."].)  "'This wasteful consumption of judicial resources and client money serves no public purpose and impairs the image of the legal profession.'"  (*M. Perez Co., Inc. v. Base Camp Condominiums Assn. No. One* (2003) 111 Cal.App.4th 456, 464.)

19

This case exemplifies why the Legislature intended to restrict small claims attorney fees. Crosier recovered $1,560. The claimed "reasonable" attorney fees is over $11,000 on a $1,500 recovery. Fights over attorney fees like this one, with almost a 10-fold discrepancy between the result achieved and fee sought—amply demonstrate why the Legislature would cap small claims appeals fees. As noted, small claims court exists so people with meritorious claims for small amounts may have those claims adjudicated without spending more on attorney fees than the claims are worth. (*City and County of San Francisco v. Small Claims Court*, *supra,* 141 Cal.App.3d at p. 474.)

This result is particularly appropriate here because Crosier initiated the proceedings in the small claims court. In so doing, they lost the right to enforce the contractual attorney fee provision in the lease. "It is not uncommon in the practice of law to sacrifice certain rights in order to obtain others. A litigant may effectively waive certain constitutional and procedural rights by choosing an alternative forum that provides an expeditious and inexpensive means of resolution of a case. [¶] The most obvious examples are contractual agreements to use arbitration instead of the courts to resolve disputes. (See *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1; *Madden v. Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 713.) Another example is the small claims court where, in exchange for speedy, inexpensive procedures, a plaintiff waives his or her right to discovery, right to an attorney, damages in excess of [the jurisdictional limit], trial by jury, and appeal. (*Jellinek v. Superior Court* (1991) 228 Cal.App.3d 652, 656-657; *Parada v. Small Claims Court* (1977) 70 Cal.App.3d 766, 769; *Cook v. Superior*

20

*Court* (1969) 274 Cal.App.2d 675, 677-678.)" (*Whitehouse v. Six Corp.* (1995) 40 Cal.App.4th 527, 537.)

Here, Crosier sought out the small claims court procedure which is quick, inexpensive, and efficient. Having elected to utilize the advantages of the small claims procedure, Crosier must accept its disadvantages.[5]

IV. *Judicial Estoppel Does Not Apply*

As noted, both parties filed small claims court complaints seeking attorney fees. Citing *Michelson v. Camp* (1999) 72 Cal.App.4th 955, Crosier contends Dorsey's attempt to recover fees in its claim judicially estops Dorsey from challenging the fee award to Crosier.

Dorsey is not barred by judicial estoppel from asserting section 116.780(c) limits attorney fees in this case. Merely pleading a right to fees does not create an estoppel where the pleader would not have actually been entitled to recover fees in the event he or she had prevailed on the merits. (*Eden Town Healthcare Dist. v. Eden Medical Center* (2013) 220 Cal.App.4th 418, 430.) "To visit a losing claimant's own demands upon him might appeal to a sense of playground justice, but it has no basis in our law." (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 899.)

---

[5] Our research discovered one published out-of-state case addressing a similar issue, *Snyder v. York* (1999) 115 Nev. 327 [988 P.2d 793], which held a $15 statutory limit on attorney fees in small claims court appeal trumped a prevailing-party contractual attorney fee provision. The *Snyder* court commented, "It is clear that the legislature's intent is to keep the costs and attorney's fees low in small claims cases" and "[i]t would be absurd to award $11,932.50 in attorney's fees on a $2,500 small claims case." (*Id.* at p. 795.)

The case Crosier cites, *Michelson v. Camp*, *supra*, 72 Cal.App.4th 955, is inapposite; it does not apply judicial estoppel on an attorney's fee issue. "A prevailing party is not entitled to fees simply because the opposing party requested them." (*Hasler v. Howard* (2005) 130 Cal.App.4th 1168, 1171.)

V. *No Remand for Further Proceedings Is Appropriate*

As noted, section 116.790 provides for an attorney fee award of up to $1,000 in a small claims appeal where the superior court finds "the appeal was without substantial merit and not based on good faith, but was intended to harass or delay the other party, or to encourage the other party to abandon the claim . . . ."

Crosier contends that even if attorney fees are capped at $150 under section 116.780(c), the matter should be remanded to the trial court to determine whether to award additional amounts under section 116.790(c). Crosier asserts Dorsey acted in "bad faith revealed only after the lower court order was made and the lower court should now consider their actions in toto . . . ."

No remand is necessary. The original net judgment against Dorsey was $2,047. After appeal, the net judgment was $1,560. It is difficult to conceive how the superior court could conclude Dorsey's appeal was "without substantial merit" under section 116.790 when Dorsey did substantially better after the small claims appeal.

In any event, remand is unnecessary because Crosier waived the issue. In their attorney fee motion in the small claims court appeal, Crosier could have sought an award of attorney fees under section 116.790. In fact, Crosier cited the superior court to section

22

116.790, but argued it was inapplicable, and that the contractual "prevailing party" attorney fee provision controlled.

Having had a full opportunity to seek attorney fees under section 116.790 in the trial court and having declined to do so, Crosier has waived or forfeited the issue on appeal here. (*City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 685; *Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794.)

It is also unnecessary to remand for a determination of attorney fees under section 116.780(c). On March 13, 2014, the superior court, believing the attorney fee award was governed and limited by section 116.780(c), awarded Crosier $150. Therefore, it is unnecessary to remand, the court having already exercised its discretion under the correct legal standard.

## DISPOSITION

Let a writ issue commanding the superior court to vacate its March 17, 2015 order granting attorney fees in the amount of $10,373, enter a new order granting Crosier attorney fees in the amount of $150, and enter an amended judgment consistent with such an award. Parties to bear their own costs in this writ proceeding.

NARES, Acting P. J.

WE CONCUR:

McDONALD, J.

McINTYRE, J.

23